### FRED WOOLSEY *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 4—353.]

**Criminal Law—Perjury.**

> To convict a person of the crime of false swearing, it must appear to have been committed in a matter which was judicially pending, or on a subject in which he can legally be sworn, or on which he is required to be sworn, when sworn by a person authorized by law to administer an oath.

APPEAL FROM GRAYSON CIRCUIT COURT.

October 24, 1882.

OPINION BY JUDGE LEWIS:

In order to convict a person of the crime of false swearing denounced by Gen. Stat. (1881), Ch. 29, Art. 8, § 2, it must appear to have been committed in a matter which was judicially pending, "or on any subject in which he can legally be sworn, or on which he is

required to be sworn, when sworn by a person authorized by law to administer an oath." It is, therefore, indispensable that it should be charged in the indictment that there was a legal tribunal organized or empaneled before which the defendant swore, deposed, or gave in evidence that which was false. But though it is charged in the indictment in this case that the defendant was duly sworn by Thomas, foreman of the grand jury, there is a failure to state that a grand jury of Grayson County was at the time duly empaneled or existed at all, or that the defendant gave evidence before said grand jury.

Considering as we do this is a fatal defect the judgment of the court below must be *reversed* and cause remanded with directions to sustain the demurrer to the indictment and for further proceedings consistent with this opinion.

*J. P. Hobson, for appellant.*

*P. W. Hardin, for appellee.*